821 F.2d 650
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff,
v.
Lawrence B. STEPHENS, Defendant-Appellee,
v.
Cecelia C. STEPHENS, Defendant-Appellant.
 No. 86-5407
 United States Court of Appeals, Sixth Circuit.
 June 23, 1987.
 
 Before ENGEL and GUY, Circuit Judges, PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this interpleader action, the United States deposited money in the United States District Court for the Eastern District of Tennessee to be disbursed between Cecelia and Lawrence Stephens. The money came from Lawrence's Navy retirement pay, and he and Cecelia claimed rights to it based on various judgments by the state courts of Tennessee and Virginia. The district judge ordered that $5,288.09, which he said represented alimony, be disbursed to Lawrence and that $4,822.09 representing child support be disbursed to Cecelia. She appeals, seeking the rest of the money.
 
 
 2
 The Stephenses were divorced in Florida in 1965 and moved to Virginia soon after. Lawrence moved to Tennessee in 1968. Starting in 1966 Cecelia filed several lawsuits in Virginia and obtained judgments to enforce the Florida divorce decree's provisions for alimony and child support. In February 1980 the Virginia court ruled that it lacked personal jurisdiction over Lawrence regarding alimony and annulled its previous alimony orders.
 
 
 3
 Cecelia sued again in Virginia, and this time the court exercised jurisdiction over Lawrence on the ground that he was notified of the suit. In November 1980 Cecelia got a judgment for $4,800 in alimony and a separate award of $7,580, which the court said was for 'unpaid alimony and child support for periods prior to August 1976 and unpaid spousal support for September and October, 1980.' The reference to August 1976 apparently means that the award incorporated a judgment from that month.
 
 
 4
 Lawrence did not appeal, but almost a year later he petitioned for a rehearing. Because there had been no appeal and the order was thus final, the court ruled that it had no jurisdiction to rehear the case. In June 1985 the Supreme Court of Virginia affirmed 'because of a procedural deficiency' in Lawrence's appeal to that court: he relied on a statute that protects litigants from being sued without notice, and because he had had notice the court stated that he must 'utilize another procedure to have declared void the 1980 judgment.' Stephens v. Stephens, 229 Va. 610, 331 S.E.2d 484, 487, 490 (1985).
 
 
 5
 The litigation in the state courts of Tennessee started with an action by Cecelia to enforce a Virginia judgment. In April 1976 a Tennessee court, after obtaining a 'partial compromise,' awarded Cecelia $2,900 and ordered that 'all future alimony payments shall be discontinued.' Lawrence paid the $2,900, but Cecelia again tried to collect on a Virginia judgment by garnishing Lawrence's Navy pay. In September 1979 Lawrence sued in Tennessee state court to have the garnishment lifted and to enjoin further lawsuits by Cecelia. In August 1981 the court held that under the April 1976 compromise Cecelia relinquished all claims for alimony or child support. Thus, the court enjoined her from suing Lawrence and ordered the United States to disregard the garnishment unless a federal court were to rule that it was valid.
 
 
 6
 Meanwhile, in January 1979 the United States filed the present interpleader action and deposited the garnished funds in the federal district court. Lawrence argued that because of his Tennessee judgment he was entitled to all the money, while Cecelia argued that she never agreed to a settlement. The United States District Court dismissed the case in April 1979, holding that the Stephenses should air these arguments in their Virginia litigation and that the funds would be distributed according to the outcome there. In May 1981 a panel of our court affirmed in an unpublished opinion stating that the Stephenses' rights should be adjudicated in Virginia 'without interference by the courts of Tennessee.'
 
 
 7
 In 1983 the United States District Court ruled that Cecelia would get the portion of the August 1976 Virginia judgment representing child support and that Lawrence would get the rest of the money. The court ordered the parties to submit evidence on the breakdown of the judgment. The court's final disbursement order of November 1985 reflected evidence submitted by Lawrence that the Virginia judgment was for $4,800 in alimony and $7,380.45 in child support. The court then subtracted $3,000 from the latter figure on the ground that Cecelia originally alleged that she had paid $3,000 toward a loan, that part of the garnishment was based on this alleged payment, and that Cecelia later admitted that she did not make the payment. The court divided the funds in the same proportion as $4,800 is to $4,380.45.
 
 
 8
 On appeal Cecelia argues that the Full Faith and Credit Clause and the mandate of our court require that all the money be disbursed to her to satisfy the November 1980 judgment affirmed in the Supreme Court of Virginia. Lawrence counters that the United States District Court properly recognized the Tennessee injunction and the Virginia court's annulment in February 1980 of previous alimony awards. The annulment, Lawrence argues, should have covered the August 1976 Virginia judgment that was incorporated in the judgment of November 1980. He says that he can make these arguments because the Tennessee action and the present action are the kinds of procedures the Virginia Supreme Court had in mind when it held that he must 'utilize another procedure' to void the judgment of November 1980.
 
 
 9
 Mrs. Stephens has failed to persuade us that the United States District Court erred in entering the final order for disbursement of funds. Appellant's initial claim that the Full Faith and Credit Clause required the district judge to disburse the balance to her to satisfy the November 1980 judgment which was affirmed in the Supreme Court of Virginia has at least some surface appeal. We view the Virginia Supreme Court's decision, however, as determinative only of the narrower issue that because of a procedural error Mr. Stephens was not entitled to have the 1980 judgment for spousal support declared void for lack of personal jurisdiction. The Virginia trial court did not gain jurisdiction over Mr. Stephens by virtue of Mrs. Stephens' registration of the Florida divorce decree in Virginia, coupled with personal service on Mr. Stephens in Tennessee. Thus, the Supreme Court of Virginia determined that Mr. Stephens could utilize other procedures to declare void the 1980 judgment. In view of the unusual nature of the decree rendered in the Virginia Supreme Court, we do not believe that that body would conclude that the United States District Court in Tennessee was bound to accord full faith and credit to a Virginia lower court order which was defectively obtained. The district court therefore did not err in directing the return of the remainder of the funds to Mr. Stephens.
 
 
 10
 AFFIRMED.